# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| *Plaintiff,* | ) |
| -vs- | ) Case No. CR-24-395-PRW |
| JOSE PAXTOR-OXLAJ, | ) |
| *Defendant.* | ) |

## SENTENCING MEMORANDUM

Jose Paxtor-Oxlaj, through counsel Luci Perez, submits this sentencing memorandum to supplement information in the Presentence Investigation Report (hereinafter "PSR"), in support of a guideline sentence as sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). Mr. Paxtor-Oxlaj asks this Court to run this sentence concurrent to his state sentence pursuant to USSG §5G1.3(d).[1] However, if this Court deems a concurrent sentence is inappropriate, Mr. Paxtor-Oxlaj requests for this sentence to be run partially concurrent to his state sentence.

**Nature and Circumstances of the Offense**

Mr. Paxtor-Oxlaj was charged with one count of Illegally Reentry into the United States After Removal in violation of 18 U.S.C. § 1326(a). (PSR ¶ 1). He was previously removed from the United States on July 9, 2010, and was found to be unlawfully present

---

[1] Mr. Paxtor-Oxlaj is currently serving a four-year sentence in the Oklahoma Department of Corrections involving Beckam County case number CF-2023-257. (PSR ¶ 26).

1

in the United States on November 21, 2023. (PSR ¶¶ 2, 7). The circumstances of Mr. Paxtor-Oxlaj's arrest are detailed in the Presentence Investigation Report. *See* (PSR ¶¶ 7-10).

Furthermore, the circumstances in which Mr. Paxtor-Oxlaj was found to be unlawfully present in the United States implicate another ongoing federal criminal matter. *See* (PSR ¶ 30). As this Court is aware, Mr. Paxtor-Oxlaj faces an uncertain future due to conduct stemming from his November 23, 2023 arrest, but those circumstances are covered by the PSR in paragraphs 7-10 and 30.

Mr. Paxtor-Oxlaj is subject to sentencing in this Court for his crime of illegally reentering the country after a prior removal and faces a maximum of two years imprisonment. (PSR ¶ 3). The United States Probation Office has calculated the advisory guideline range at 15-21 months based on a total offense level of 13 and a criminal history category of II. (PSR ¶ 47). Mr. Paxtor-Oxlaj agrees with this calculation and asks the Court to run his federal sentence concurrent to his pending state sentence pursuant to the Court's discretion in USSG §5G1.3(c).

**History and Characteristics of Mr. Paxtor-Oxlaj**

Mr. Paxtor-Oxlaj is a humble indigenous man from San Francisco El Alto Guatemala. Mr. Paxtor-Oxlaj's native tongue is K'iche. K'iche is one of 21 Mayan dialects spoken in the western highlands of central Guatemala. Counsel retained the services of a K'iche interpreter to meaningfully discuss the case with Mr. Paxtor-Oxlaj. However, because of the scarcity of these interpreters, phone calls had to be arranged with the jail to speak to the interpreter as he does not live in Oklahoma. There were many logistical

barriers in communicating with the interpreter and coordinating that with the jail. Through it all, Mr. Paxtor-Oxlaj remained calm, patient, and grateful for the efforts made on his behalf. This speaks to the character of his humble and kind nature.

Before each client meeting, Mr. Paxtor-Oxlaj began by asking counsel to allow him to pray. He would pray for clarity and the ability to communicate adequately with counsel and the interpreter. He never became frustrated, but he often got emotional. This process has been not only terrifying for him, but for his family in Guatemala as well. He has spent over a year and a half incarcerated and does not speak to his family often due to lack of financial resources. This has only exacerbated his fear and anxiety. However, Mr. Paxtor-Oxlaj does not complain about his situation. He reminds himself that "it's all in God's hands." Anyone else in his shoes might be frustrated, angry, and may very well have given up by now, but Mr. Paxtor-Oxlaj has leaned on his faith which has allowed him to stay encouraged and hopeful that he will one day get to see his family again.

Mr. Paxtor-Oxlaj violated this country's immigration laws for the same reason many other undocumented people do—to work and be able to provide for his family. Mr. Paxtor-Oxlaj worked in Korean factories sewing products in California. (PSR ¶ 41). Eventually, COVID-19 plagued the United States and he had to find other means of earning an income. So, Mr. Paxtor-Oxlaj began selling flowers in the streets of Los Angeles. *Id*.

Mr. Paxtor-Oxlaj is no stranger to hard work. He grew up in a rural town in Guatemala where 80% of the people there are Mayan indigenous people. Mr. Paxtor-Oxlaj never had formal schooling and taught himself how to speak Spanish. He made the journey into the United States in hopes of work opportunities so that he could afford to send his

children to school. He did not want them to struggle the way he did. He wanted his kids to be in school and learn how to read and write. He did not want them to do the hard labor he once had to do to survive. He simply wanted the opportunity to provide a better future for his children.

**The Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment for the Offense**

The factors listed in 18 U.S.C. § 3553(a)(2) comprise what is commonly referred to as the retribution purpose of the federal sentencing scheme. *E.g.*, *Tapia v. United States*, 564 U.S. 319, 325-26 (2011); *United States v. Booker*, 63 F.4th 1254, 1258 (10th Cir. 2023). Black's Law Dictionary defines retribution as "Punishment imposed for a serious offense; requital," and "Severe punishment for bad behavior." Black's Law Dictionary (11th ed. 2019). Here, Mr. Paxtor-Oxlaj's conduct of illegally reentering the United States was wrong, but it is not deserving of significant punishment for retributive purposes. He came to this country to work and to provide for his family. Due to the pending charges in the United States District Court for the Central District of California, Mr. Paxtor-Oxlaj will not be immediately deported after discharging this sentence. He very well could face additional prison time after he discharges the sentence in this case. Mr. Paxtor-Oxlaj is aware of that and preparing for that possibility. He would like nothing more than to be deported to Guatemala so that he can reunite with his wife and children, but he understands that is not up to him. He simply asks this Court to take into consideration his motivation for unlawfully entering the United States in fashioning an appropriate sentence.

What happened leading to Mr. Paxtor-Oxlaj's arrest is tragic on many levels. He has been convicted of it in Oklahoma. This conviction results in four years of prison time, three criminal history points, and an eight-level specific offense characteristic increase. And it may well cause him to serve many more years in federal prison due to the prosecution in California. There is little need to pile on additional prison time in this illegal reentry case beyond the advisory guidelines, which themselves are significantly increased by the same event.

**The Need to Afford Adequate Deterrence to Criminal Conduct and the Need to Protect the Public from Future Crimes of Mr. Paxtor-Oxlaj**

Mr. Paxtor-Oxlaj has one prior removal dating back to almost 15 years ago. (PSR ¶ 2). This is his first time being prosecuted for this offense and for a federal crime, he understands the seriousness of this conviction. Prior to his November 2023 arrest, Mr. Paxtor-Oxlaj had not spent any time incarcerated. *See* (PSR ¶¶ 26, 31-32). He was previously arrested in 2004, but that case was ultimately dismissed. (PSR ¶ 31).

Mr. Paxtor-Oxlaj is currently serving a four-year sentence stemming from the November 2023 arrest. *See* (PSR ¶¶ 7-10). Since that day, he has remained in custody and currently faces additional charges on another federal criminal matter which could result in additional punishment. This Court need not incarcerate Mr. Paxtor-Oxlaj for an extended period of time to deter him or protect the public from any future conduct.

**To Provide Mr. Paxtor-Oxlaj with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

This Court need not incarcerate Mr. Paxtor-Oxlaj to impose a sentence that provides him with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). However, he intends to take advantage of any educational or vocational training if presented with that opportunity during his incarceration.

## CONCLUSION

The primary directive in 18 U.S.C. § 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with he purposes set forth in paragraph 2." In this case, a sentence within the advisory guideline range to be run concurrently to his state sentence is appropriate.

Respectfully Submitted,

_____
Luciana Perez
Assistant Federal Public Defender
Office of the Federal Public Defender
Western District of Oklahoma
215 Dean A. McGee   Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405-609-5967
Facsimile: 405-609-5932
Electronic Mail: Luciana_perez@fd.org
Counsel for Mr. Paxtor-Oxlaj

## CERTIFICATE OF SERVICE

    I hereby certify that on June 27, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to Elizabeth Joynes and Brandon Hale, Assistant United States Attorneys.

_____

Luciana Perez